UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID JONATHAN VARGAS,<br><br>Defendant. | Case No. 2:17-cr-00306-JCM-PAL<br><br>**ORDER** |

Presently before the court is defendant's Motion to Modify Defendant's Conditions of Release (ECF No. 398), filed on May 17, 2018. The government filed a response (ECF No. 400) on May 23, 2018, and defendant replied (ECF No. 403) on May 30, 2018.

**I.  BACKGROUND**

The grand jury indicted defendant David Jonathan Vargas with one count of racketeering conspiracy in violation of 18 U.S.C. § 1962(d). (Second Superseding Indictment (ECF No. 303).) Defendant made his initial appearance before the court on March 7, 2018. (Mins. of Proceedings (ECF No. 321).) At that time, defendant was released on bond with conditions and supervision. (*Id.*) The conditions required defendant to surrender his passport, and restricted his travel to the Southern District of California, and the District of Nevada for court purposes only. (PR Bond (ECF No. 326).)  Now, defendant seeks to amend the conditions to allow travel to Mexico and throughout the United States. (ECF No. 398.) Defendant seeks the new conditions to expand his business by recruiting distributors and independent contractors. (*Id.*) The government opposes an expansion outside the continental United States.

**II.  DISCUSSION**

The Bail Reform Act of 1984 requires the release of a defendant facing trial under the least restrictive condition, or combination of conditions, that would reasonably assure his or her

appearance at trial and the safety of the community.  18 U.S.C. § 3141; 18 U.S.C § 3142(e); *see also United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015) (a defendant "shall be released pending trial, subject to appropriate conditions.").  The court may review and modify pretrial release conditions to assure defendant's appearance.  18 U.S.C. § 3142(f)-(g); 18 U.S.C. § 3142(c)(3) ("The judicial officer may at any time amend the order to impose additional or different conditions of release."); 28 U.S.C. § 636(a)(2) (magistrate judge is empowered to "issue orders pursuant to section 3142 of title 18 concerning release or detention of persons pending trial").

Here, defendant requests the court to reduce travel restrictions and permit travel throughout continental United States and to Mexico.  The government does not oppose defendant's request to expand travel to the continental United States, but argues against a travel expansion to Mexico.  (ECF No. 400.)  Given the government does not oppose travel throughout the continental United States, the court will modify release conditions to permit defendant's travel throughout the continental United States.  Before travel, defendant must obtain permission from pretrial services and provide a detailed itinerary, including the destination and length of travel.

Turning to defendant's request for travel to Mexico, the government contends that permission to travel outside of the United States creates an opportunity for defendant to flee the court's jurisdiction.  Defendant replies that if his intention was to flee to Mexico, then he would have left by now because he resides close to the border and does not require a passport to enter Mexico.  The court is not persuaded by this argument.  The fact that defendant did not flee, despite opportunity to do so, is not indicative that he will not do so in the future.  *United States v. Birges*, 523 F. Supp. 468, 471 (D. Nev. 1981).  This court imposed reasonable conditions upon defendant's release to assure defendant's appearance at trial.  The court is not convinced that a modification that includes travel to Mexico will achieve that goal.  Therefore, the court denies defendant's motion to the extent it requests permission to travel to Mexico.

//

//

## III. CONCLUSION

IT IS THEREFORE ORDERED that defendant's motion to modify defendant's conditions of release is GRANTED IN PART and DENIED IN PART. Defendant shall be allowed to travel throughout the continental United States, subject to the restrictions noted above. This motion is denied in all other respects.

DATED: July 13, 2018

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE