# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAVID JONATHAN VARGAS,

Defendant.

Case No. 2:17-cr-00306-JCM-PAL

**ORDER**

Presently before the court is defendant David Jonathan Vargas' unopposed motion to modify his conditions of release (ECF No. 466), filed on January 30, 2019.

Defendant moves to modify the conditions of his pretrial release to permit travel to Mexico. The Bail Reform Act of 1984 requires the release of a defendant facing trial under the least restrictive condition, or combination of conditions, that would reasonably assure his or her appearance at trial and the safety of the community. 18 U.S.C. § 3141; 18 U.S.C § 3142(e); *see also United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015) (a defendant "shall be released pending trial, subject to appropriate conditions."). The court may review and modify pretrial release conditions to assure defendant's appearance. 18 U.S.C. § 3142(f)-(g); 18 U.S.C. § 3142(c)(3) ("The judicial officer may at any time amend the order to impose additional or different conditions of release."); 28 U.S.C. § 636(a)(2) (magistrate judge is empowered to "issue orders pursuant to section 3142 of title 18 concerning release or detention of persons pending trial").

Here, defendant requests permission to travel to Mexico to find potential customers for his business. Defendant argues that a plea agreement was executed in this case, and that because the court has declared this case complex, it will be several months before the case is resolved. Further, defendant claims that the government and pretrial services no longer oppose modifying

the conditions of his pretrial to permit travel to Mexico. Lastly, defendant argues that any travel to Mexico would be limited to same-day travel.

Given that a plea agreement was executed with Vargas and that the government does not object, the court will modify the conditions of defendant's release to permit travel to Mexico. Pretrial services must return defendant's passport. Defendant's travel to Mexico is limited to business purposes only. Prior to travel, defendant must provide his pretrial services officer with a detailed itinerary, including the destination and length of travel.

IT IS THEREFORE ORDERED that defendant's motion to modify conditions (ECF No. 466) is GRANTED.

IT IS FURTHER ORDERED that pretrial services must return to defendant Vargas his passport.

IT IS FURTHER ORDERED that defendant's conditions of release is modified to include same-day travel to Mexico, for business purposes only.

IT IS FURTHER ORDERED that defendant must provide pretrial services with a detailed itinerary prior to travel. The itinerary must include the destination and length of travel.

DATED: February 6, 2019

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE